

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 7, 1962

Honorable Jerry Dellana
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. WW-1435

Re: Whether wholesalers of
builders supplies may accept
resale certificates for pur-
chases of building materials,
in lieu of the sales tax,
from builders and developers,
who construct houses on land
owned by such developers,
such houses to be sold after-
wards to the general public
as real estate upon which no
sales tax is collected.

Dear Mr. Dellana:

You have asked the following questions:

"Question 1:  Are certain whole-
salers required to accept resale cer-
tificates from builders and developers
who purchase tangible personal property
and then make said tangible personal
property a part of the real property
that is sold to the general public,
or must they collect the tax at the
time of sale?

"Question 2:  Does the definition
'Sale for Resale', Article 20.01 (S)
as quoted in part 'Sale for Resale
shall mean a sale of tangible person-
al property to any purchaser who is
purchasing said tangible property for
the purpose of reselling it in the nor-
mal course of his business . . .' in-
clude builders and developers?"

In your letter you have set out the following facts:

"Builders and developers of homes
in this area are purchasing tangible
personal property, i. e., garbage dis-
posers, built-in stoves, etc. from
wholesalers and submitting certifi-
cates of resale of tangible personal

property. In said certificate of re-
sale, they specifically state that it
will be resold in their regular course
of business; their regular course of
business is sale of real estate. They
claim this exemption under Sec. (N),
Article 20.04, of Section 1, Chapter 20,
Title 122A.

"The wholesalers, who sell these
articles to the builders and developers
are apprehensive in that Article 20.12,
Violations (B) may hold them guilty of
a misdemeanor. . . ."

Articles 20.01 to 20.17, inclusive, Chapter 20, Title 122A,
Taxation-General, V.C.S., constitute the Texas Limited Sales, Ex-
cise and Use Tax Act. All reference to articles hereafter dis-
cussed will be to the Limited Sales, Excise and Use Tax Act, un-
less otherwise shown.

Article 20.02 reads in part as follows:

"There is hereby imposed on each
separate sale at retail of tangible
personal property made within this
State a limited sales tax at the rate
of two per cent (2%) of the sale price
of each item or article of tangible
personal property when sold at retail
in this State.

"(A) Method of Collection and
Rate of Limited Sales Tax. The tax
hereby imposed shall be collected by
the retailer from the consumer.

". . .

"(C) Limited Sales Tax Permit Ap-
plication.

(1) Every person desiring
to engage in or to conduct
business as a seller within
this State shall file with
the Comptroller an applica-
tion for a permit for each
place of business.

"(D)  Limited Sales Permit Is-
suances.  After compliance with
paragraph (C) of this Article by
the applicant, the Comptroller
shall grant and issue to each ap-
plicant without charge a separate
permit for each place of business
within the State.  A permit shall
not be assignable and shall be va-
lid only for the person in whose
name it is issued and for the trans-
action of business at the place de-
signated therein.  It shall at all
times be conspicuously displayed
at the place for which issued.

". . .

"(F)  Presumption of Taxability:
Resale Certificate.  For the pur-
pose of the proper administration
of this Chapter and to prevent eva-
sion of the limited sales tax it
shall be presumed that all gross
receipts are subject to the tax un-
til the contrary is established.
The burden of proving that a sale
of tangible personal property is not
a sale at retail is upon the person
who makes the sale unless he takes
from the purchaser a certificate to
the effect that the tangible pro-
perty is purchased for the purpose
of reselling, leasing or renting it.

"(G)  Effect of Resale Certifi-
cate.  The resale certificate re-
lieves the seller from the burden of
proof only if taken in good faith
from a person who is engaged in the
business of selling, leasing or rent-
ing tangible personal property.  A
resale certificate may be given by
a purchaser, who at the time of pur-
chasing the tangible personal pro-
perty, intends to sell, lease or
rent it in the regular course of
business or is unable to ascertain
at the time of purchase whether the

tangible personal property will be resold, leased or rented or will be used for some other purpose." *(Emphasis added).

"(H) Form and Contents of Resale Certificate.

(1) The certificate shall:

(a) Be signed by and bear the name and address of the purchaser.

(b) Indicate the number of the permit, if any, issued to the purchaser.

(c) Indicate the general character of the tangible personal property sold, leased or rented by the purchaser in the regular course of business.

(2) The certificate shall be substantially in such form as the Comptroller may prescribe.

"(I) Liability of Purchaser Giving Resale Certificate. If a purchaser who gives a resale certificate makes any use of the tangible personal property other than retention, demonstration or display while holding it for sale, lease or rental in the regular course of business, the use shall be taxable to the purchaser as of the time when the tangible personal property is first so used, and the sales price of the tangible personal property to him shall be deemed the measure of the tax.

"(J) Resale Certificate; Commingled Fungible Goods. If a purchaser gives a resale certificate with respect to the purchase of fungible goods and

thereafter commingles these goods with other fungible goods not so purchased but of such similarity that the identity of the constituent goods in the commingled mass cannot be determined, sales from the mass of commingled goods shall be deemed to be sales of goods covered by the resale certificate until a quantity of such goods equal to the quantity of the goods so commingled has been sold."

Article 20.01 reads in part as follows:

". . .

"(S)  Sale for Resale.  'Sale for Resale' shall mean a sale of tangible personal property to any purchaser who is purchasing said tangible personal property for the purpose of reselling it in the normal course of his business.  A sale for resale shall include a sale of tangible personal property to a purchaser for the sole purpose of that purchaser's renting or leasing said tangible personal property to another person,, but not if incidental to the renting or leasing of real estate."

Article 20.04 reads in part as follows:

". . .

"(N)  Sale for Resale:  Leasing or Renting.

(1)  There are exempted from the taxes imposed by this Chapter the receipts from all sales for resale, leasing or renting.

(2)  However, if a person purchases tangible personal property for the purpose of leasing or rent-

ing it to another person,
and if he later sells it
by means of an occasional
sale before he has collected
and paid to this State as
much tax on the rental or
lease charges as would have
been due and payable to
this State had he not pur-
chased the tangible person-
al  property for the pur-
pose of so renting and leas-
ing it, he shall, at the
time of his occasional sale
of said tangible personal
property include in his re-
ceipts from taxable sales
the amount by which his
purchase price exceeded
the amount of rents collected
by him on said tangible per-
sonal property.

(3)  Where a lessor makes
a retail sale of leased
tangible personal property
to a lessee of that tangi-
ble personal property un-
der an agreement whereby
certain rental payments
are credited against the
purchase price of the tan-
gible personal property,
he need not collect or pay
any tax on the sale price
to the extent that he has
collected and paid on such
rental payments."

Article 20.12 reads in part as follows:

"(A)  Penalty for Engaging in
Business as Seller Without Permit.
A person who engages in business
as a retailer in this State with-
out a permit or permits or after
a permit has been suspended, and
each officer of any corporation
which so engages in business, is

guilty of a misdemeanor, and such
person shall upon conviction be
fined not more than Five Hundred
Dollars ($500) for each convic-
tion. Each day of such operation
shall constitute a separate of-
fense.

"(B) Penalty for Improper Use
of Resale Certificate. Any person
who gives a resale certificate to
the seller for property which he
knows, at the time of purchase, is
purchased for the purpose of use
rather than for the purpose of re-
sale, lease or rental by him in
the regular course of business is
guilty of a misdemeanor, and such
person shall upon conviction be
fined not more than Five Hundred
Dollars ($500) for each conviction.

"(C) . . .

"(D) Penalty for other Viola-
tions. Any violation of this Chap-
ter, except as otherwise provided,
is a misdemeanor, and any person
shall, when found guilty of such
violation, be fined not more than
Five Hundred Dollars ($500) for
each violation."

The limited sales tax is imposed on each separate sale at
retail in Texas of tangible personal property. The tax is im-
posed on the consumer and collected by the retailer. Art. 20.02
(A). Where the purchaser of tangible personal property intends
to resell or lease the same as tangible personal property, he
may give a resale certificate to the retailer in lieu of paying
the tax. With respect to the purchase of tangible personal pro-
perty, which the purchaser intends to lease, note this language
from Art. 20.01 (S):

". . . A sale for resale shall
include a sale of tangible person-
al property to a purchaser for
the sole purpose of that purchaser's
renting or leasing said tangible
personal property to another person,

> but not if incidental to the rent-
> ing or leasing of real estate."
> /Emphasis added/.

Thus, if a person who operates a bed rental business wants to
purchase from the manufacturer or distributor a bed, such per-
son is entitled to give a resale certificate for the purchase
of the bed. The State will receive its tax from the customer
who rents the bed, which tax will be collected by the operator
of the bed rental service, and remitted in his quarterly tax
returns. But if the bed is purchased by the operator of an
apartment house, in order to furnish an apartment, which will
be rented as real estate, there will be no sales tax to collect
from the tenant. Hence, the operator of the apartment house
is the ultimate consumer of the bed so purchased, and must pay
the sales tax to his supplier.

The first sentence in Art. 20.01 (S) reads as follows:

> "'Sale for Resale' shall mean
> a sale of tangible personal pro-
> perty to any purchaser who is pur-
> chasing said tangible personal pro-
> perty for the purpose of reselling
> it in the normal course of business."
> /Emphasis added/.

This clearly contemplates that the tangible personal pro-
perty purchased for the purpose of resale must be resold in the
form of tangible personal property, in order for the purchaser
to be authorized to execute a resale certificate and deliver the
same to his  supplier in lieu of paying the tax. If a person
purchases a garbage disposal unit to install in a house which he
owns,  with the intention of afterwards selling the house, such
a person clearly does not intend to resell "it" (the garbage dis-
posal unit) to anyone. He intends to sell a house, which is real
estate. To hold that a person who is in the business of con-
structing houses on his own land, with the intention of selling
such houses to the general public, may claim the privilege of us-
ing a Sale for Resale Certificate upon the purchase of a garbage
disposal unit to be installed in such house, would be to hold
that such person is not in the business of selling houses, but
instead is in the business of selling lumber, nails, bathtubs,
plumbing fixtures, shingles, electrical wiring, etc.

Where a person purchases tangible personal property in the
form of construction material to build or repair his own house,
and such person performs his own construction work, he gets no
exemption from the sales tax. He is neither an exempt person,

nor are the construction materials exempt products, for neither is listed in Art. 20.04.  If a person owns his own land, and contracts with another to construct a building thereon, such contractor becomes the ultimate consumer of the products so consumed in construction, if the contract is let as a lump sum contract.  Attorney General's Opinion No. WW-1258.  If the contract is in the form of a split bid, the tax is paid either by the contractor or the owner of the building, depending on which one of them furnishes the materials to go into the building.  Art. 20.01 (T).  To hold that all these classes of persons must pay the sales tax, but that a developer who builds houses on his own land for resale may in effect become exempt from the tax by use of a Sale for Resale Certificate when he purchases builder's supplies, and thereafter collects no tax at all from his customer on the ground that his customer is purchasing real property and not tangible personal property, is to reach an absurd result.

> "The court will never adopt a construction that will make a statute absurd or ridiculous, or one that will lead to absurd conclusions or consequences, if the language of the enactment is susceptible of any other meaning."  39 Tex. Jur., Statutes, Sec. 118, page 222.

Paragraph (G) of Art. 20.02 reads in part as follows:

> "Effect of Resale Certificate. The resale certificate relieves the seller from the burden of proof <u>only if taken in good faith from a person who is engaged in the business of selling, leasing or renting tangible personal property. . . ."</u> /Emphasis added/.

The above quoted sentence from Par. (G), Art. 20.02, shows the legislative intent.  For a purchaser of tangible personal property to be authorized under the Limited Sales, Excise and Use Tax Act to use a Resale Certificate in lieu of paying the tax at the time of his purchase, he must be ". . . <u>engaged in the business of selling, leasing or renting tangible personal property.</u>"  One engaged in the business of selling real estate in the form of lots with houses affixed thereto is not engaged in the business of selling <u>tangible personal property</u>. And a person engaged in selling both lumber at retail and houses as real estate could use his  Resale Certificate only for the

lumber he sells as personal property.

In both Arts. 20.01 (S) and 20.02 (G) reference is made to purchasers who intend to sell or resell "it" in the "normal course of business" or "regular course of business." Such second sale or resale of "it" refers to "tangible personal property." There is no resale of tangible personal property, or "it" as such, in the situation described in your letter. It is true that these developers are engaged in a "normal course of business" and a "regualr course of business", but their business is the sale of real estate, not tangible personal property.

An Exemption Certificate is used only by an exempt legal entity or exempt organization, which are listed in Paragraph (F), Art. 20.04. Real estate developers are not listed in this paragraph. Some products are exempt by name, such as food for human consumption (not served as meals). Some products are exempt, because of taxes which have already been imposed thereon, such as cigarettes. Some products, without naming them specifically, are exempt because of some circumstance which has already occurred with respect to them, such as sales of tangible personal property under contracts executed prior to the effective date of the Act; or occurs at the time of the sale, such as an occasional sale; or are destined to be used in a particular manner in the future, such as fuel for a locomotive engine. Nowhere in the Act do we find "builders' Supplies" listed as an exempt product, as such. The only time builders' supplies can fall within the Sale for Resale Exemption is when the sale is made to a wholesale or retail builders' supply establishment, which truly intends to resell "it" in the form of tangible personal property in the "normal" or "regular" course of business, and not to one who intends to consume or use it.

> ". . . when the legislative intent
> is ascertained, or is plainly manifest,
> it is binding upon the courts, and must
> be given effect if it is legally possible
> to do so. To ignore the legislative in-
> tent and give a statute a construction
> obviously contrary thereto, or to refuse
> to enforce a statute according to the
> legislative intent, when ascertained, is
> said by the Supreme Court to be 'an in-
> excusable breach of judicial duty' and
> 'an unwarranted interference with the
> exercise of lawful legislative authority.'"
> 39 Tex. Jur. 171-172, Statutes, Sec. 90.

In answer to Question No. 1, we hold that wholesalers of builders' supplies, who sell to developers, builders, and lumber companies who purchase tangible personal property for the purpose of incorporating such tangible personal property into real property owned by such developers, builders, and lumber companies, such real property to be sold thereafter to the general public as real estate, must collect the sales tax from such developers, builders, and lumber companies.

We answer Question No. 2 by holding that Art. 20.01 (S), of the Limited Sales, Excise and Use Tax Act, which defines "Sale for Resale", does not include such developers, builders, and lumber companies within the meaning of "any purchaser", since that phrase only includes those who sell "it" in the "normal course of his business"; the word "it" referring to tangible personal property and such developers and builders are not so engaged, but are engaged in the business of selling real estate.

## SUMMARY

Wholesalers of builders' supplies, who sell to developers and builders who purchase tangible personal property for the purpose of incorporating such tangible personal property into real property owned by such developers and builders, such real property to be sold thereafter to the general public as real estate, must collect the sales tax from such developers and builders.

Art. 20.01 (S), of the Limited Sales, Excise and Use Tax Act, which defines "Sale for Resale", does not include developers and builders within the meaning of "any purchaser", since that phrase only includes those who sell "it" in the "normal course of his business"; the word "it" referring to tangible personal property, and such developers and builders are not so engaged, but are engaged in the business of selling real estate.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Riley Eugene Fletcher*

Riley Eugene Fletcher
Assistant

REF:rk

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Arthur Sandlin
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore